**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X   Case No. 17-cv-01937
MYESHA GRANDSOULT, on behalf of herself
individually and all others similarly situated,

                           Plaintiff,

                                                     **CLASS ACTION**
      -against-                                   **COMPLAINT**

NORTHLAND GROUP, INC.,

                          Defendant.
------------------------------------------------------------------------X

      Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, PLLC, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

## INTRODUCTION

1.    This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

2.    Further, this is an action for damages and injunctive relief brought by an individual consumer against defendant pursuant to New York General Business Law ("NYGBL") § 349 regarding defendant's deceptive acts and practices.

## JURISDICTION AND VENUE

3.  This Court has federal question jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and supplemental jurisdiction exists over the NYGBL § 349 claims pursuant to 28 U.S.C. § 1367.

4.  This Court has venue pursuant to 28 U.S.C. § 1391(b) in that a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

5.  Plaintiff is a natural person who resides in this District.

6.  Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as she is a natural person who is alleged by defendant to owe a financial obligation.

7.  The financial obligation which defendant sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendant sought to collect is a defaulted Bloomingdale's store account originally owned by Department Stores National Bank ("DSNB") which was incurred, if at all, for personal, family or household purposes.

8.  Plaintiff is a reasonable consumer within the meaning of NYGBL § 349 who acted reasonably under the circumstances alleged herein.

9.  Defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

10. The principal purpose of defendant's business is the collection of defaulted consumer debts.

11. Defendant uses the mails in its business the principal purpose of which is the collection of defaulted consumer debts.

12. Defendant regularly collects or attempts to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

13. Upon information and belief, defendant is a foreign business corporation incorporated in Minnesota.

## FACTUAL ALLEGATIONS

14. Plaintiff re-alleges paragraphs 1 to 13 as if fully re-stated herein.

15. Defendant sent to plaintiff a collection letter dated April 2, 2016 (the "April Letter").

16. Defendant sent the April Letter in an attempt to collect the debt on behalf of DSNB.

17. At the time defendant sent the April Letter, the debt was in default.

18. In the April Letter defendant stated that the balance of the debt was $1,003.50.

19. In the April Letter defendant stated, in pertinent part:

"**CURRENT BALANCE**: $1,003.50
       **Settlement: $752.64**"

20. Further, in the April Letter, defendant stated, in pertinent part:

"In view of tax season and to assist you in clearing this debt, we are offering you options…

Option 1 (3-pay settlement): This option allows you to settle your account for $752.64 in 3 payments of $250.88 in order to clear this debt."

21. Defendant also offered an "Option 2" in the April Letter, which called for monthly payments on the full balance claimed.

22. Defendant then stated in the April Letter, in pertinent part:

"Department Stores National Bank will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations."

23. Thereafter, defendant sent to plaintiff a collection letter dated May 2, 2016 (the "May Letter").

24. Defendant sent the May Letter in an attempt to collect the said debt on behalf of DSNB.

25. At the time defendant sent the May Letter, the debt was in default.

26. In the May Letter defendant stated that the balance of the debt was $1,003.50.

27. Further, in the May Letter, defendant stated, in pertinent part:

"BLOOMINGDALE'S will allow you to settle your account for $764.64 in 12 payments over 12 months starting on 5/23/2016."

28. Defendant then stated in the May Letter, in pertinent part:

"Department Stores National Bank will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations."

29. Upon receipt of defendant's letters and upon reading defendant's statement in both letters regarding the Internal Revenue Service ("IRS"), plaintiff felt she may get into trouble with the IRS for refusal to pay the full balance of the debt.

30. Upon receipt of defendant's letters and upon reading defendant's statement in both letters regarding the IRS, plaintiff believed, erroneously, that if she negotiated to settle the debt for less than the full balance claimed the creditor would report the settlement to the IRS.

31. Upon receipt of defendant's letters and upon reading defendant's statement in both letters regarding the IRS, plaintiff feared, erroneously, that the IRS would be involved in some way with the settlement of her debt.

## AS AND FOR A FIRST CAUSE OF ACTION

### Intimidation of plaintiff by the IRS statement

### 15 U.S.C. §§ 1692e and 1692e(2)(A)

32. Plaintiff re-alleges paragraphs 1 to 31 as if fully re-stated herein.

33. Defendant stated in the April Letter that the balance of plaintiff's debt was $1,003.50.

34. In the April Letter defendant offered to settle the debt for $752.64 – which represents a discharge of indebtedness of $250.86.

35. Defendant stated in the May Letter that the balance of plaintiff's debt was $1,003.50.

36. In the May Letter defendant offered to settle the debt for $764.64 – which represents a discharge of indebtedness of $238.86.

37. In both letters defendant included a statement (the "IRS statement") that:

> "Department Stores National Bank will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations."

38. No law required defendant to include the IRS statement in its collection letters.

39. Defendant did not offer to discharge an amount of principal of $600.00 or more in either collection letter.

40. The amount of debt defendant offered to discharge did not meet the $600.00 principal minimum threshold required for reporting to the IRS.

41. Defendant did not even mention in its letters that a creditor must discharge an amount of principal of at least $600.00 in order to trigger the IRS reporting requirement.

42. Defendant did not mention in its letters that it is the discharge of indebtedness which is principal, in the amount of $600.00 or more, that triggers the IRS reporting requirement.

43. Upon reading defendant's letters, plaintiff believed, erroneously, that the IRS statement applied to the settlement offer made by defendant in each of its letters.

44. Upon reading defendant's letters, the least sophisticated consumer would believe, erroneously, that the IRS statement applied to the settlement offer made by defendant in each of its letters.

45. Defendant included the IRS statement in an effort to deceive and mislead plaintiff into thinking that the IRS would get involved in the collection of the debt although there was no set of circumstances, based on defendant's settlement options, in which the IRS would be involved.

46. Defendant included the IRS statement in expectation that plaintiff, having been deceived, would then be misled into settling the debt without negotiating it out of fear that the settlement would be reported to the IRS.

47. Defendant included the IRS statement in an effort to deceive and mislead the least sophisticated consumer into thinking that the IRS would get involved in the collection of the debt although there was no set of circumstances, based on defendant's settlement options, in which the IRS would be involved.

48. Defendant included the IRS statement in expectation that the least sophisticated consumer, having been deceived, would then be misled into settling the debt without negotiating it out of fear that the settlement would be reported to the IRS.

49. Defendant's inclusion of the IRS statement in its letters is a ploy illicitly to increase collections.

50. Defendant's IRS statement falsely represents the legal status of the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(A), by misleading plaintiff and the least sophisticated consumer into believing that the discharge of indebtedness offered by defendant could be required to be reported to the IRS, notwithstanding that the discharge offered was less than the $600.00 principal minimum threshold required for IRS reporting.

51. Defendant's IRS statement is also a false, deceptive and misleading representation used by defendant in connection with the collection of the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(A), in that the statement was inserted by defendant to intimidate plaintiff and the least sophisticated consumer into paying the debt without negotiation for fear of the reporting of a settlement to the IRS and for fear of getting into trouble with the IRS.

## CLASS ALLEGATIONS

52. Plaintiff re-alleges paragraphs 1 to 51 as if fully re-stated herein.

53. This action is brought on behalf of plaintiff and the members of a class. The class consists of all natural persons who defendant's records reflect were sent debt collection letters within the State of New York within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection letter (a) in substantially the same form as the April Letter and the May Letter; (b) the collection letter was sent to a consumer seeking payment of a consumer debt owed to Department Stores National Bank; (c) the collection letter was not returned by the postal service as undeliverable; and (d) the collection letter states, in sum or substance*:*

> "Department Stores National Bank will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations."

54. The class does not include defendant or persons who are officers, directors, or employees of defendant.

55. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received similar debt collection letters from defendant which violate the various provisions of the FDCPA.

(B) There are questions of law and fact common to the class, and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether defendant violated the FDCPA including but not limited to §§ 1692e and 1692e(2)(A) by inserting the IRS statement in its collection letters.

(C) The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of the class.

56. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

57. If the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

58. Communications from debt collectors, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

59. As a result of the above violations, defendant is liable to plaintiff and the members of the class for damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a)     certifying a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

(b)     awarding class members the maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(c)     awarding maximum individual statutory damages pursuant to 15 U.S.C. § 1692k;

(d)     awarding actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial.

(e)     awarding reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k;

(f)     enjoining defendant from committing further deceptive and misleading acts and practices against plaintiff, pursuant to NYGBL § 349;

(g)     awarding actual damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(h)     in the alternative to (g), awarding statutory damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(i)     awarding reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349(h); and

(j)     for such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
      April 5, 2017.

                                */s/  Novlette R. Kidd*
                                NOVLETTE R. KIDD, ESQ. (NK 9339)
                                FAGENSON & PUGLISI, PLLC
                                Attorneys for Plaintiff
                                450 Seventh Avenue, Suite 704
                                New York, New York 10123
                                Telephone: (212) 268-2128
                                Nkidd@fagensonpuglisi.com